**In the United States District Court for the**
**Western District of New York**

Shane Christopher Buczek,

            Appellant,

   vs.

KeyBank N.A.,

            Appellee,

**Case No.: #: 1:20-cv-01046-JLS**
Hon. John L. Sinatra

(On Appeal from the U.S.
Bankruptcy Court,
Case No. **1-19-11441-CLB-**

---

### APPELLANT'S BRIEF

---

On appeal from the United States Bankruptcy Court

for the Western District of New York

Respectfully Submitted,

Shane Christopher Buczek, pro se

*Shane - Christopher : Buczek*

1

## Jurisdictional Statement

A federal district court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C.S. § 158(a).

## Statement of Issue

Did the Bankruptcy court abuse its discretion when it sanctioned Appellant for allegedly frivolous conduct?

## Argument

**The Bankruptcy Court violated Rule 9011 of the Federal Rules of Bankruptcy Procedure when it sanctioned Appellant**

On September 17, 2020, Appellant (Debtor) was sanctioned $715.00 by the Bankruptcy court.[1] **Rule 9011(c)(3)** of the Federal Rules of Bankruptcy Procedure (FRBP) clearly states that in the Order, "the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed."

**Rule 9011** further states that, on its own initiative, as was done in this particular case, "the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed."[2]

Here, the Bankruptcy court failed to describe the specific conduct that appeared to violate subdivision (b) of **Rule 9011**.[3] See *Sanctions Order*, **DOC 349**, attached as **Exhibit A**.

---

[1] See Order, Doc 349, attached as Exhibit A
[2] See FRBP 9011(c)(3)
[3] See FRBP 9011(c)(1)(B), *On Court's Initiative*. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b)....

Moreover, the Order appears to violate Appellant's **Due Process right** to defend himself against suit with a **"chilling effect"** while at the same time appearing to be an unlawful practice of law from the bench by requiring Appellant to first submit his pleadings for review and approval by the court stating that he "may not commence **any** litigation challenging the standing of the Secured Party Creditor … unless he first obtains written permission of this Court to do so." Notably, the Bankruptcy court has refused to afford Appellant an evidentiary hearing, as required by **FRBP 9014**, to determine the merits of his challenges to the authenticity of documents and veracity of statements relied upon by KeyBank to foreclose on his real property.[4]

Appellant submitted pleadings and other filings that, to the best of his knowledge, information, belief, and understanding, were not frivolous or intended to harass but, rather, intended to defend his property against what he believes is a **fraudulent claim** by KeyBank. The Bankruptcy court did not make any determination or state any findings to the contrary in its Order sanctioning Appellant.

Furthermore, Appellant is unlearned at law and cannot be held to the same strict standards as KeyBank's team of trained lawyers.[5]

## CONCLUSION

The Bankruptcy court abused its discretion when it sanctioned Appellant without describing the conduct determined to constitute a violation of **FRBP 9011(b)** and explaining the basis for the sanction imposed. See **Exhibit (C)**

---

[4] See FRBP 9011(a), MOTION. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and *reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.*
[5] See Haines v. Kerner, 404 U.S. 519, 520 (1972)

The Bankruptcy court's Order that Appellant may not commence **any** litigation challenging the standing of the Secured Party Creditor violates his **due process right** to defend his private property and amounts to an **unlawful** practice of law from the bench by requiring Appellant to submit his pleadings for review and approval by the court before being allowed to advance other legal filings. Appellee does not make any arguments to the contrary. Accordingly, the Order should be vacated.

Respectfully Submitted,

Shane Christopher Buczek, pro se

## AFFIRMATION

I, Shane Christopher Buczek, the Appellant do hereby solemnly declare under oath and penalty of perjury that the foregoing statement of facts and objections are factually true and correct, and all filings done in good faith belief to protect the family home.

Dated: June 9th, 2021

By: _____

Shane Christopher Buczek

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

     Shane Christopher Buczek                          Case No.19-11441-CLB
                                                        Chapter 13
                         Debtor
------------------------------------------------------------------

## ORDER

Upon the motion, filed on July 22, 2020, filed at Docket No. 293 (the "Second Motion for Sanctions"), of the Debtor, seeking sanctions against Shapiro, DiCaro & Barak, LLC (Shapiro), as well as Robert W. Griswold ("Griswold"), Michael J. Chatwin ("Chatwin") and Patrick Dillon Gregoritis ("Gregoritis"), and upon the Objection of Nationstar Mortgage, LLC d/b/a Mr. Cooper (with its successors and/or assigns, the "Secured Creditor") and Cross-Motion for a Filing Injunction, filed on July 28, 2020, filed at Docket No. 304 with proper service to all parties including the Debtor and Deborah Buczek, and the Court having held a hearing on the Second Motion for Sanctions on August 3, 2020, and having held a hearing on the Secured Creditor's Cross-Motion on August 24, 2020; and the Court having found that the Debtor's purported unilateral contract agreeing to arbitration, the purported Abstract of Arbitration Award, the purported Final Arbitration Award (together with any other associated document, the "Arbitration Award") is void and unenforceable; and after due deliberations and for the reasons as stated on the record, it is hereby

**ORDERED** that the Debtor's Second Motion for Sanctions is denied with prejudice with respect to all parties, including Shapiro, Griswold, Chatwin and Gregoritis; and it is further

**ORDERED** that the Debtor may not commence any litigation in this Court seeking to challenge the standing of the Secured Creditor, the validity of the Summary Judgment Order in the Foreclosure Action, or the ability of the Secured Creditor and its successors and/or assigns to enforce

the Note or Mortgage, nor to commence any action for sanctions and/or damages against the Secured

Creditor, any counsel to the secured Creditor or any employees thereof, or any litigation whatsoever

the form or content of which may include any of the parties listed above unless he first obtains

written permission from this Court to do so; and it is further

       **ORDERED** that the Secured Creditor shall serve a copy of this Order on the Debtor via first

class mail.


       SO ORDERED.

Dated:        September 17, 2020
                Buffalo, New York



                           HON. CARL L. BUCKI
                           U.S. Bankruptcy Court Judge (WDNY)

FILED

SEP 17 2020

BANKRUPTCY COURT
BUFFALO, NY

# EXHIBIT B

**U.S. Bankruptcy Court**
**Western District of New York (Buffalo)**
**Adversary Proceeding #: 1-20-01035-CLB**

*Assigned to:* Carl L. Bucki                              *Date Filed:* 07/27/20
*Lead BK Case:* 19-11441
*Lead BK Title:* Shane Christopher Buczek
*Lead BK Chapter:* 13
Show Associated Cases

*Demand:* $200000

*Nature[s] of Suit:*  21 Validity, priority or extent of lien or other interest in property

**Plaintiff**
-----------------------
**Shane Christopher Buczek**                     represented by **Shane Christopher Buczek**
435 Creekside Drive                                             PRO SE
Suite 200
Amherst, NY 14228
SSN / ITIN: xxx-xx-5635

V.

**Defendant**
-----------------------
**KeyBank, N.A., *(KeyBank)***                  represented by **KeyBank, N.A.**
                                                                PRO SE

**Defendant**
-----------------------
**Giovanna Sainato, *Senior Specialist KeyBank***   represented by **Giovanna Sainato**
                                                                PRO SE

**Defendant**
-----------------------
**Christine Banaszak**                           represented by **Christine Banaszak**
                                                                PRO SE

8

*Defendant*
-----------------------
**Dave P Case,** *"JOHN DOES" and "JANE*      represented by **Dave P Case**
*DOES", said names being fictitious, these*                          PRO SE
*parties intended as those being known and*
*unknown, and which may become known*
*during and throughout these proceedings, Et.*
*Al.*

| Filing Date | # | Docket Text |
| --- | --- | --- |
| 07/27/2020 | [1](#) (364 pgs.; 7 docs) | Adversary case 1-20-01035. 21 (Validity, priority or extent of lien or other interest in property). **Complaint Filed** by Shane Christopher Buczek vs KeyBank, N.A., Giovanna Sainato , Christine Banaszak , Dave P Case . Statutory Fee Due: $350. (Attachments: # [1](#) Attachment 1-3 # [2](#) Attachment 4-5 # [3](#) Attachment 6-7 # [4](#) Attachment 6-7 Cont. # [5](#) Cover Sheet # [6](#) Summons) (Flag set: AP, Appending) (Pinto, M.) (Entered: 07/27/2020) |
| 07/28/2020 | 2 | **<span style="color:red">Clerk's Note: PER ORDER ENTERED JULY 28, 2020, CASE NO. 19-11441 AT DOC. NO. 306, THE CLERK OF THE COURT IS DIRECTED NOT TO ISSUE A SUMMONS. (TEXT ONLY EVENT) (Nieves, J.) (Entered: 07/28/2020)</span>** |

# Exhibit (C)

LII  > Federal Rules of Bankruptcy Procedure
 > **Rule 9011. Signing of Papers; Representations to the Court; Sanctions;
Verification and Copies of Papers**

# Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers

(a) Sɪɢɴᴀᴛᴜʀᴇ. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Rᴇᴘʀᴇsᴇɴᴛᴀᴛɪᴏɴs ᴛᴏ ᴛʜᴇ Cᴏᴜʀᴛ. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— [1]

   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How Initiated.*

(A) *By Motion*. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative*. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations*. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) *Order*. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) INAPPLICABILITY TO DISCOVERY. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037.

(e) VERIFICATION. Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. §1746 satisfies the requirement of verification.

(f) COPIES OF SIGNED OR VERIFIED PAPERS. When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original.

### NOTES

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 11, 1997, eff. Dec. 1, 1997.)

### NOTES OF ADVISORY COMMITTEE ON RULES—1983

*Subdivision (a)*. Excepted from the papers which an attorney for a debtor must sign are lists, schedules, statements of financial affairs, statements of executory contracts, Chapter 13 Statements and amendments thereto. Rule 1008 requires that these documents be verified by the debtor. Although the petition must also be verified, counsel for the debtor must sign the petition. See Official Form No. 1. An unrepresented party must sign all papers.

The last sentence of this subdivision authorizes a broad range of sanctions.

The word "document" is used in this subdivision to refer to all papers which the attorney or party is required to sign.

*Subdivision (b)* extends to all papers filed in cases under the Code the policy of minimizing reliance on the formalities of verification which is reflected in the third sentence of Rule 11 F.R.Civ.P. The second sentence of subdivision (b) permits the substitution of an unsworn declaration for the verification. See 28 U.S.C. §1746. Rules requiring verification or an affidavit are as follows: Rule 1008, petitions, schedules, statements of financial affairs, Chapter 13 Statements and amendments; Rule 2006(e), list of multiple proxies and statement of facts and circumstances regarding their acquisition; Rule 4001(c), motion for ex parte relief from stay; Rule 7065, incorporating Rule 65(b) F.R.Civ.P. governing issuance of temporary restraining order; Rule 8011(d), affidavit in support of emergency

motion on appeal.

### NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The statement of intention of the debtor under §521(2) of the Code is added to the documents which counsel is not required to sign.

### NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

*Subdivision (a)* is amended to conform to Rule 11 F.R.Civ.P. where appropriate, but also to clarify that it applies to the unnecessary delay or needless increase in the cost of the administration of the case. Deletion of the references to specific statements that are excluded from the scope of this subdivision is stylistic. As used in subdivision (a) of this rule, "statement" is limited to the statement of financial affairs and the statement of intention required to be filed under Rule 1007. Deletion of the reference to the Chapter 13 Statement is consistent with the amendment to Rule 1007(b).

### NOTES OF ADVISORY COMMITTEE ON RULES—1997 AMENDMENT

This rule is amended to conform to the 1993 changes to F.R.Civ.P. 11. For an explanation of these amendments, see the advisory committee note to the 1993 amendments to F.R.Civ.P. 11.

The "safe harbor" provision contained in subdivision (c)(1)(A), which prohibits the filing of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged paper is a petition. The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under §362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

*GAP Report on Rule 9011*. The proposed amendments to subdivision (a) were revised to clarify that a party not represented by an attorney must sign lists, schedules, and statements, as well as other papers that are filed.

[1] So in original. The comma probably should not appear.

< Rule 9010. Representation and Appearances; Powers of Attorney up Rule 9012. Oaths and Affirmations >

# anks 'forging signatures' on industrial scale'

## Lenders say practice is legally valid

James Hurley

## 'Evidence of fraud is clear'

### Comment

**CERTIFICATE OF SERVICE**

I, Shane Christopher Buczek the undersigned, hereby certify that a true and correct copy of the APPELLANT's BRIEF was served by Mail via the United States Postal Service, with first-class postage prepaid, on May 28th, 2021, to the parties appearing below:

1.) Trustee Julie Philippi, United States Bankruptcy Trustee Chapter 13 Bankruptcy Trustee 110 Pearl Street 6th Floor Buffalo, New York 14202 and

2.) Nationstar Mortgage LLC d/b/a Mr. Cooper Shapiro, DiCaro & Barak, LLC 175 Mile Crossing Boulevard Rochester, New York 14624 Phone 585-247-9000 fax 585-247-7380

 [not a Secured Creditor]

3. Office of the United States Trustee Joseph W. Allen, Esq Olympic Towers 300 Pearl Street, Suite 401 Buffalo, New York 14202 Phone: (716) 551-5541 Facsimile: (716) 551-5560

4. David P. Case Fein, Such & Crane, LLP Relin, Goldstein & Crane, LLP 28 East Main Street Suite 1800 Rochester, New York 14614 [not a Secured Creditor]

5.) ATTN:  President Donald John Trump the Mar-a-Lago Club 1100 South Ocean Boulevard Palm Beach Florida [33480]

Dated: June 9th, 2021,                          By: _Shane. Christoph. Buczek_

                                                    Shane Christopher Buczek