UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANE CHRISTOPHER BUCZEK,

        Appellant,

    v.

KEYBANK N.A.,

        Appellee.

20-CV-1046 (JLS)

SHANE CHRISTOPHER BUCZEK,

        Appellant,

    v.

KEYBANK N.A.,

        Appellee.

20-CV-1322 (JLS)

SHANE CHRISTOPHER BUCZEK,

        Appellant,

    v.

KEYBANK N.A.,

        Appellee.

20-CV-1697 (JLS)

## DECISION AND ORDER

Appellant Shane Christopher Buczek appeals from orders of the United

States Bankruptcy Court for the Western District of New York concerning the

Bankruptcy Court's decisions on his motion for sanctions, Appellee KeyBank's cross-motions for sanctions, and Buczek's motion for reconsideration.  This decision and order addresses the appeals in 20-CV-1046, 20-CV-1322, and 20-CV-1697.[1]

For the reasons below, this Court determines that it lacks jurisdiction over the appeals in No. 20-CV-1322 and 20-CV-1697.  Buczek's arguments on appeal in the remaining appeal are without merit, and the decisions of the Bankruptcy Court are affirmed.

## BACKGROUND

This summary of the facts leading to these appeals is taken from this Court's previous orders, the parties' submissions, and the underlying bankruptcy case.[2]

## I.   FORECLOSURE AND DEBORAH BUCZEK'S BANKRUPTCY CASE

On October 7, 2008, Deborah Buczek—Appellant's mother—obtained a home equity line of credit in the amount of $50,000, which was memorialized in a Key Equity Options Agreement.  *See* Bankr. Dkt. 146-1; No. 20-CV-1046, Dkt. 3-8, at 56-

---

[1] Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate multiple cases that "involve a common question of law or fact."  Further, regarding bankruptcy appeals specifically, "[w]hen parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals."  Fed. R. Bankr. P. 8003(b)(2).  Here, where the relevant orders being appealed from concern the same facts, involve the same or similar parties, and were issued by the same judge, consolidation is appropriate.  *See In re Windstream Holdings, Inc.*, No. 20 CV 4276 (VB), 2020 WL 4481933, at *2 (S.D.N.Y. Aug. 3, 2020) (citing *In re Mergenthaler*, 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015)).

[2] Citations to the docket of the underlying bankruptcy case (No. 19-11441) will be cited as "Bankr. Dkt."  Citations to the dockets of the present appeals will be cited as "No. 20-CV-####, Dkt."  Due to the voluminous filings, page references are to the CM/ECF pagination.

65.  Deborah Buczek offered as security the real property located at 7335 Derby Road, Derby, NY 14047—property she owned at the time—by executing a Home Equity Line of Credit Mortgage.  *See* Bankr. Dkt. 146-2; No. 20-CV-1046, Dkt. 3-8, at 66-71.  After Deborah Buczek became delinquent in mortgage payments, KeyBank commenced a foreclosure action by filing a notice of pendency in New York Supreme Court, Erie County in 2015.  *See* Bankr. Dkt. 146-3, at 3-4.  Deborah Buczek moved to dismiss the action, which was denied in 2016.  *See generally id.*

The Judgment of Foreclosure and Sale, signed by the Honorable Sheila A. DiTullio on April 26, 2018 and filed on May 16, 2018, authorized a foreclosure sale by KeyBank of the mortgaged property.  *See* Bankr. Dkt. 146-7.  The Judgment ordered the property be sold and the plaintiff KeyBank was entitled to $59,965.92, together with any advances as provided in the agreements, $2,482.00 for costs and disbursements, and $4,950.00 for attorneys' fees.  *Id.* at 9-10.  After this judgment was entered, Deborah Buczek filed a second motion to dismiss while Buczek moved to join the action.  *See* Bankr. Dkt. 146-8.  The state court denied the motions in a bench decision on July 20, 2018.  *See* Bankr. Dkt. 146-11 (order and transcript reflecting decision).

That same day, on July 20, 2018, Deborah Buczek filed a Chapter 13 petition for relief in United States Bankruptcy Court for the Western District of New York. Chapter 13 Voluntary Petition, *In re Deborah Ann Buczek*, No. 18-11401 (Bankr. W.D.N.Y. filed July 20, 2018), Dkt. 1.  In that bankruptcy case, KeyBank ultimately filed a motion for relief from the automatic stay of foreclosure on March 4, 2019,

which the Bankruptcy Court granted on April 1, 2019.[3]  *See In re Deborah Ann Buczek*, No. 18-11401, Dkts. 105, 123, 126.

## II.   BUCZEK'S BANKRUPTCY CASE AND PRIOR APPEALS

While the foreclosure action was pending in state court, Deborah Buczek executed a quitclaim deed as to the property on August 7, 2017, for $1,000 to her son—and the Appellant here—Shane Christopher Buczek. *See* Bankr. Dkt. 146-6; No. 20-CV-1046, Dkt. 3-8, at 42-44.

On July 19, 2019—just before the rescheduled foreclosure sale—Buczek filed his own Chapter 13 petition in the United States Bankruptcy Court for the Western District of New York, which is the underlying bankruptcy case in this appeal (No. 19-11441).  Bankr. Dkt. 1.

On November 27, 2019, KeyBank moved to dismiss the bankruptcy case for bad faith or, in the alternative, for relief from the automatic stay to include *in rem* relief. *See generally* Bankr. Dkt. 146.

On December 16, 2019, the Bankruptcy Court held a hearing on KeyBank's motion, during which the Bankruptcy Court granted two-year *in rem* relief from the automatic stay and adjourned the portion of the motion seeking dismissal.[4]  Bankr. Dkts. 150, 151.  Appellant Buczek timely appealed that order to this Court (No. 20-

---

[3] On April 22, 2019, Deborah Buczek appealed the Bankruptcy Court's decision to this Court, which affirmed the decision to grant stay relief as well as the bankruptcy court's denial of Deborah Buczek's motion for reconsideration. *See generally Buczek v. KeyBank, N.A.*, No. 19-CV-527 (JLS), 2020 WL 7237681, at *1 (W.D.N.Y. Dec. 8, 2020).

[4] KeyBank withdrew that part of its motion seeking dismissal of the case. *See* Bankr. Dkt. 155.

CV-10) and also filed a motion for rehearing in the bankruptcy case.[5]  Bankr. Dkts.

158, 168.  The Bankruptcy Court denied the motion for rehearing at an appearance

on January 6, 2020, and issued a corrective order[6] on January 13, 2020.  Bankr.

Dkts. 181, 189.

On January 21, 2020, Buczek filed a notice of appeal of the corrective order,

commencing the appeal in No. 20-CV-80.  No. 20-CV-80, Dkt. 1.  Buczek then filed

an emergency motion for an injunction and temporary restraining order in that

appeal on March 11, 2020, seeking to prevent enforcement of the January 13

corrective order's lifting of the automatic stay imposed and, thereby, preventing the

sale of the property scheduled to take place on March 25, 2020.  *See* No. 20-CV-80,

Dkt. 3, at 3-12.  This Court denied the emergency motion on March 24, 2020, citing

lack of jurisdiction on account of Buczek's failure to seek a stay of the order pending

appeal in bankruptcy court in the first instance, as required by Federal Rule of

Bankruptcy Procedure 8007.  No. 20-CV-80, Dkt. 8.

Buczek then filed a similar emergency motion in his bankruptcy case.  Bankr.

---

[5] This appeal was dismissed based on Buczek's acknowledgement that Judge Bucki issued the corrective order, which was separately appealed to this Court (No. 20-CV-80) and superseded the prior order.  *See* 20-CV-10, Dkts. 5, 6, 7.

[6] The corrective order incorporated language to reflect Buczek's opposition and that Buczek himself had only filed one bankruptcy filing affecting the property, not multiple.  Otherwise, the corrective order granted the same relief as the previous order.  This order also stated that the filing of Buczek's bankruptcy petition "was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings affecting the Property" and cited "good and sufficient cause appearing, including failures to perform the duties of debtors under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property . . . ."  Bankr. Dkt. 189.

Dkt. 259. The Bankruptcy Court denied the motion by decision and order dated June 26, 2020, noting that Buczek's use of bankruptcy to prevent the foreclosure of encumbered property that he acquired in contemplation of his bankruptcy filing was "an act of bad faith." *See In re Buczek*, 617 B.R. 772, 776-77 (Bankr. W.D.N.Y. 2020).

As for the appeal in 20-CV-80, this Court subsequently determined that the Bankruptcy Court did not abuse its discretion in lifting the stay and affirmed the Bankruptcy Court's decision lifting the stay and granting *in rem* relief. *See generally* No. 20-CV-80, Dkt. 29.

## III.   ARBITRATION

Buczek submits that he obtained an arbitration award on November 4, 2019. Dkt. 3-8, at 12-13. The "award" was first filed in the bankruptcy case with Buczek's amended schedules (Bankr. Dkt. 213) on January 27, 2020. *Id.* at 12. According to Buczek, KeyBank "consented" to a unilateral arbitration contract by nature of filing its "fraudulent" documents, in addition to the contract being "initiated" by certified mail receipt sent to KeyBank on September 9, 2019. *Id.* at 13-14.

In sum, Buczek participated in a proceeding on October 28, 2019, with a panel of arbitrators from "Dalwickman Arbitration Services" that claimed to arbitrate the issue of Nationstar and KeyBank's claims to the property. *See* Bankr. Dkt. 213-2, at 8-15 (transcript of the "arbitration hearing"). This arbitration award, issued on November 4, 2019, purports to award $2,130,000.00 to Buczek for breach of contract and to order Nationstar and KeyBank to release all claims as to the

property. *See id.* at 30-31. The award also provides that, in the event that

Nationstar and/or KeyBank failed to comply with this award within 30 days,

Buczek is to be awarded additional punitive treble damages of $6,390,000.00. *See*

*id.* at 31.

## IV.   MOTIONS FOR SANCTIONS

After the Bankruptcy Court issued its orders granting stay relief, in addition

to the appeals, Buczek continued to file motions in the bankruptcy case on the issue

of standing—including a motion to vacate the stay relief order (Bankr. Dkt. 187)

and a motion for an evidentiary hearing (Bankr. Dkt. 198). As a result, KeyBank

filed a motion for sanctions on January 31, 2020. Bankr. Dkt. 220. The Bankruptcy

Court ultimately denied this motion for sanctions, but shortened the time period

under Rule 9011(c)(1)(A) to move for sanctions against Buczek from 21 to 7 days.

Bankr. Dkts. 233, 236.

On June 24, 2020, Buczek filed a motion seeking an order of sanctions

against KeyBank and its counsel pursuant to Federal Rule of Bankruptcy Procedure

9011(c)(2) and Federal Rule of Civil Procedure 11(b) and (c)(2). Bankr. Dkt. 279; *see*

*also* No. 20-CV-1046, Dkt. 3-8. Buczek's motion reiterated his claims concerning

KeyBank's fraudulent proof of claim and standing. *See generally* No. 20-CV-1046,

Dkt. 3-8, at 3-24. The motion also mentioned the purported arbitration award,

which Buczek argues can no longer be challenged in court. *Id.* at 12-14, 21-23.

Buczek requested that the Bankruptcy Court ban KeyBank from presenting future

proofs of claim or evidence regarding contested matters, declare that KeyBank is a

disinterested person, and award him $5,000 for reasonable expenses. *Id.* at 24-25.

On July 7, 2020, KeyBank cross-moved for sanctions, requesting that Buczek be sanctioned for his continued vexatious and abusive filings[7] and that Buczek be enjoined from filing additional papers seeking relief against or based upon the mortgage currently held by KeyBank. *See generally* Bankr. Dkt. 283; No. 20-CV-1046, Dkt. 3-9. In particular, the cross-motion noted that this was Buczek's fifth attempt to litigate KeyBank's rights to enforce the line-of-credit mortgage granted by the property's former owner, his mother. No. 20-CV-1046, Dkt. 3-9, at 6. The cross-motion requested monetary sanctions of at least $715—for reimbursement of KeyBank's counsel in responding to Buczek's motion—as well as injunctive relief preventing Buczek from filing additional motions, papers, etc. *Id.* at 11-12.

Buczek replied on July 27, 2020. Bankr. Dkt. 300; No. 20-CV-1046, Dkt. 3-10. That same day, the Bankruptcy Court held a hearing on the motions and denied Buczek's motion and granted the cross-motion in the amount of $715. Bankr. Dkt. 301; *see generally* No. 20-CV-1046, Dkt. 4 (transcript of the hearing, hereinafter "July 27 Hr'g Tr.").[8] The Bankruptcy Court also granted the Trustee's motion requesting dismissal of the case—in light of that, the Bankruptcy Court determined that the portion of KeyBank's motion for requesting injunctive relief did

---

[7] In addition to the repeated filings in this case, KeyBank's motion describes Buczek's "other vexatious and abusive behavior" outside of the legal proceedings, including filing grievances against KeyBank's counsel, suing KeyBank's counsel in Small Claims Court, and filing complaints with the Consumer Finance Protection Bureau. No. 20-CV-1046, Dkt. 3-9, at 8.

[8] Citations to the transcript of this hearing use the transcript pagination.

not need to be addressed further.  July 27 Hr'g Tr. 32:20-24.  A written order

dismissing the case was entered July 28, 2020.  Bankr. Dkt. 306.

## V.    PROCEDURAL HISTORY UNDERLYING THE APPEALS

On August 4, 2020, Buczek filed a notice of appeal (Bankr. Dkt. 319),

specifically appealing the following text entry on the bankruptcy docket:

> Hearing Held - Motion for Sanctions filed by Debtor is Denied. Cross
> Motion for Sanctions filed by Creditor KeyBank is Granted in the
> amount of $715 and the balance of the motion is resolved by Trustee's
> Cross Motion requesting dismissal of case which is Granted. . .

Bankr. Dkt. 301.  This notice of appeal commenced the appeal in No. 20-CV-1046.

Bankr. Dkts. 319, 324; No. 20-CV-1046, Dkt. 1.

On August 26, 2020, the Bankruptcy Court issued a written order

sanctioning Buczek for frivolous conduct and ordering him to pay $715, which was

entered on August 28, 2020 ("the Aug. 28 Order").  Bankr. Dkt. 333.  On September

14, 2020, Buczek filed a motion for rehearing, or in the alternative, a written

decision for clarity, as to the Aug. 28 Order.  Bankr. Dkts. 340, 342.  The next day,

on September 15, 2020, Buczek filed a notice of appeal (Bankr. Dkt. 344) of the Aug.

28 Order—which commenced the appeal in No. 20-CV-1322.  *See* Bankr. Dkt. 348;

No. 20-CV-1322, Dkt. 1.

On October 13, 2020, KeyBank responded to Buczek's motion for rehearing

and argued that there is no basis to consider a rehearing of the motion because the

Bankruptcy Court clearly stated its reasons on the record.  Bankr. Dkt. 374.

KeyBank also cross-moved again for a pre-filing injunction enjoining Buczek from

filing papers seeking relief against or based upon KeyBank's mortgage.  *Id.*; Bankr.

Dkt. 377.  At a hearing held on October 26, 2020, the Bankruptcy Court denied

Buczek's motion for rehearing and granted KeyBank's cross-motion for sanctions.

Bankr. Dkts. 384, 385.  A written order was issued on October 30, 2020 (hereinafter

"Oct. 30 Order"), sanctioning Buczek for vexatious and frivolous conduct and

ordering him to pay an additional $1,000.  Bankr. Dkt. 388.  The Oct. 30 Order also

enjoined Buczek from filing anything further as to KeyBank until he paid both the

$1,000 and $715.  *Id.*  On November 18, 2020, Buczek filed a notice of appeal

purporting to appeal this second order awarding sanctions—which commenced the

appeal in No. 20-CV-1697.  Bankr. Dkt. 394; No. 20-CV-1697, Dkt. 1.

## DISCUSSION

## I.  TIMELINESS OF THE APPEALS

### A.  Legal Standards

Federal Rule of Bankruptcy 8002(a) provides that, except as provided in

8002(b)-(c), a notice of appeal "must be filed with the bankruptcy clerk within 14

days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr.

P. 8002(a)(1).  The time limit under Rule 8002 is jurisdictional and, as such, courts

may raise the issue of untimeliness *sua sponte*.  *In re Buckskin Realty, Inc.*, 845 F.

App'x 68, 70-71 (2d Cir. 2021) (citations omitted); *see also In re Siemon*, 421 F.3d

167, 169 (2d Cir. 2005)).  *Pro se* status does not excuse a party from this

jurisdictional requirement.[9]  *See, e.g., Chaturvedi v. O'Connell*, 335 F. App'x 145,

---

[9] The three-day extension provided by Bankruptcy Rule 9006(f) does not apply to
the entry of a notice of appeal because the time for filing an appeal runs from the

146 (2d Cir. 2009).

Rule 8002 does provide exceptions to the 14-day requirement. For example, a party may move for an extension, either within 14 days after entry of judgment or order being appealed, or within 21 days if the party shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1)(A)-(B).

The time to appeal may also be tolled as follows. If a party files one of the motions listed in Rule 8002(b)(1)(A)-(D)—which includes motions to alter or amend a judgment under Rule 9023, or for relief under Rule 9024—then the time to file a notice of appeal is tolled until the bankruptcy court enters an order resolving the motion. Fed. R. Bank. P. 8002(b)(1). The motions listed in Rule 8002(b)(1) must themselves be filed no later than 14 days after entry of judgment in order to toll the time to appeal. Fed. R. Bankr. P. 9023; Fed. R. Bankr. P. 8002(b)(1).

Rule 8002 allows a party to file a notice of appeal after the court announces or enters a judgment order or decree, but before the court has disposed of one of the motions listed in Rule 8002(b)(1). In that situation—where an appeal is filed but the bankruptcy court has yet to resolve such a post-order motion—the notice of appeal becomes effective upon entry of the order disposing of the last such remaining motion. Fed. R. Bankr. P. 8002(b)(2). Lastly, if a party wants to appeal

_____

date the order at issue was entered, not from a time of service. *See* Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the clerk *within 14 days after entry* of the judgment, order, or decree appealed.") (emphasis added); *see In re Allen*, No. 16-00023, 2018 WL 2093327, at *1 n.1 (Bankr. D.D.C. May 1, 2018); *Jones v. Margulies*, No. PWG-17-3088, 2018 WL 3219759, at *2 (D. Md. July 2, 2018); *Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle)*, 988 F.2d 29, 31-32 (5th Cir. 1993).

the order disposing of a motion listed in Rule 8002(b)(1), the party must file a notice

of appeal or an amended notice of appeal, complying with Rule 8003 or 8004 and

filed within the time prescribed by Rule 8002, measured from the entry of the order

disposing of the last such remaining motion.  Fed. R. Bankr. P. 8002(b)(3).

###### B.  The Notice of Appeal in 20-CV-1046 is Timely

The Bankruptcy Court issued its oral order denying Buczek's motion for

sanctions and granting the cross-motion for sanctions on July 27, 2020.  Bankr. Dkt.

301.  Buczek filed the notice of appeal of the text entry reflecting that oral order

(Bankr. Dkt. 301) on August 4, 2020—within the 14 day period.  Bankr. Dkt. 319;

No. 20-CV-1046, Dkt. 1-2.  Thus, Buczek filed a timely notice of appeal as to the

order issued on July 27, 2020.

###### C.  The Notice of Appeal in 20-CV-1322 is Untimely and Duplicative

The Bankruptcy Court signed a written order granting KeyBank's cross-

motion for sanctions on August 26, 2020, and the order was entered two days later

on August 28, 2020.  Bankr. Dkt. 333.

Accordingly, Buczek's deadline to appeal the Aug. 28 order was September

11, 2020.  Fed. R. Bankr. P. 8002(a)(1).  Buczek filed the notice of appeal on

September 15, 2020—four days after the deadline.  Bankr. Dkt. 344.  Thus, the

notice of appeal in 20-CV-1322 is not timely under Rule 8002(a)(1).

Nor was the time to appeal tolled under Rule 8002(b) by Buczek's filing of his

motion for rehearing.  Pursuant to Rule 8002(b)(1), to toll the time to appeal, such a

motion for rehearing or reconsideration must be filed "within the time allowed by

12

these rules"—here, by September 11, 2020.  Buczek's motion was filed three days

later on September 14, 2020.  Bankr. Dkt. 342.  Because Buczek's motion for

rehearing was not itself timely[10]—that is, it was not filed within 14 days of the Aug.

28 Order—the time to file an appeal was not tolled under Rule 8002(b)(1) or (b)(2).

At no time did Buczek make a motion to extend his time to file his appeal

pursuant to Rule 8002(d)(1).  Thus, this Court lacks jurisdiction over the appeal in

No. 20-CV-1322.

Alternatively, even if this Court had jurisdiction over this appeal, the Court

would deem it duplicative of the appeal in No. 20-CV-1046.  As noted above, these

appeals concern the same substantive decision by the Bankruptcy Court: the

granting of KeyBank's cross-motion for sanctions and order sanctioning Buczek for

$715.  *See* Further, the notice of appeal in No. 20-CV-1046 was filed after that

decision was announced on July 27, 2020 but before entry of Aug. 28 Order—thus,

pursuant to Rule 8002(a)(2), that notice of appeal is treated as filed on August 28,

2020 and encompasses the Aug. 28 Order.

### D.    The Notice of Appeal in 20-CV-1697 is Untimely

On October 30, 2020, the Bankruptcy Court issued a written order denying

Buczek's motion for rehearing and ordering additional sanctions in the amount of

$1,000 and imposing a filing injunction.  Bankr. Dkt. 388.

Buczek's deadline to file a notice of appeal or an amended notice of appeal of

_____

[10] This Court's jurisdictional analysis on appeal is not altered by the fact that the
Bankruptcy Court did not address the untimeliness of Buczek's motion and
ultimately resolved it.

the Oct. 30 Order was November 13, 2020.  Fed. R. Bankr. 8002(a)(1), (b)(3).

Buczek filed a notice of appeal purporting to appeal the Oct. 30 order[11] on

November 18, 2020—5 days after the deadline.  Bankr. Dkt. 394.  Pursuant to Rule

8002(a)(1), this notice of appeal is not timely as an appeal, in the first instance, of

the portion of the order imposing injunctive and additional monetary sanctions.

Fed. R. Bankr. P. 8002(a)(1).  Nor is it timely under Rule 8002(b)(3) as an appeal of

the Oct. 30 order disposing of his motion for rehearing.   Fed. R. Bankr. P.

8002(b)(3).

At no time did Buczek make a motion to extend his time to file his appeal

pursuant to Rule 8002(d)(1).

Thus, this Court lacks jurisdiction over the appeal in No. 20-CV-1697.

## II.   ISSUES ON APPEAL

As for the remaining appeal, 20-CV-1046, Buczek's issues on appeal include

whether the Bankruptcy Court erred in failing to hold an evidentiary hearing on,

and determine the merits of:

(1) The issue raised that KeyBank filed a fraudulent proof of claim making
    Appellant liable for a debt that does not exist;
(2) The issue that the Trustee is obligated to validate the proof of claim that
    was filed in this bankruptcy case but did not;
(3) The issue raised that KeyBank is in violation of N.Y. U.C.C. Law § 3-
    804 as it pertains to KeyBank's Cross Motion for Sanctions and the
    extrinsic and intrinsic fraud alleged to be perpetrated on the
    Bankruptcy Court and the Appellant by Attorney Dave P. Chase;
(4) The issue that Attorney Dave P. Case has a proven history of acting in

---

[11] Buczek's notice of appeal in 20-CV-1697 cites Bankr. Dkt. 390—which is a docket
entry labeled "Certificate of Mailing" of the Oct. 30 Order—as the subject of that
appeal.  However, the notice of appeal and submissions make clear that the Oct. 30
Order is the focus of his appeal.

14

bad faith in previous litigation including, but not limited to, the inability and utter refusal of Attorney Dave P. Case and Attorney Mark K. Broyles to obtain any indemnification bond in this case as required under N.Y. U.C.C. Law § 3-804 or provide proof of the same.

No. 20-CV-1046, Dkt. 7, at 10-11.[12]

KeyBank presents the following issues on appeal: (1) did the Bankruptcy Court properly deny Buczek's motion to have KeyBank and its counsel sanctioned for frivolous conduct because the Bankruptcy Court granted KeyBank's motion for relief of the automatic stay (which was subsequently upheld on appeal); and (2) did the Bankruptcy Court properly grant sanctions against Buczek for his own frivolous conduct. No. 20-CV-1046, Dkt. 8, at 5.

## III.   JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that the "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of court, from other interlocutory orders and decrees . . . of bankruptcy judges."[13] 28 U.S.C. § 158(a)(1), (3). A district court reviews a

---

[12] Buczek's brief was manually filed due it its size. *See* Dkt. 7. The substantive brief is approximately forty-one pages, and the remaining pages consist of various attachments and exhibits, most of which may be found elsewhere in the record.

[13] In general, "[f]inality in the bankruptcy context is determined by a less rigid standard than that applicable to other proceedings." *In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990). Neither party has discussed whether the bankruptcy court's decision resolving the sanctions motions is "final" for purposes of jurisdiction. "A bankruptcy judge's order is final if it completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Great Lakes Educ. Loan Servs., Inc. v. Leary*, 629 B.R. 360, 368 (S.D.N.Y. 2021) (quoting *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996)). Here, where there are

bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See In re DiBattista*, 33 F.4th 698, 702 (2d Cir. 2022) (quoting *Jackson v. Novak*, 593, F.3d 171, 176 (2d Cir. 2010)).

The decision to "impose sanctions is uniquely within the province of a bankruptcy court." *In re Gordon*, 577 B.R. 38, 50 (S.D.N.Y. 2017) (quoting *In re Plumeri*, 434 B.R. 315, 327 (S.D.N.Y. 2010)).  As the Second Circuit has recognized, the bankruptcy court "is better situated than the [appellate court] to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted." *In Re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002) (quoting *Sussman v. Bank of Israel*, 56 F.3d 450, 456 (2d Cir. 1995)).  The appellate court nevertheless needs to ensure that any such decision is made with restraint. *In re Gordon*, 577 B.R. at 50 (citing *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010); and then citing *In Re Highgate*, 279 F.3d at 152).  As such, a bankruptcy court's award of sanctions will not be set aside in the absence of an abuse of discretion.  *In re Kalikow*, 602 F.3d at 91 (citing *In re Highgate Equities*, 279 F.3d at 151; and then citing *Sussman,* 56 F.3d at 456).  A bankruptcy court abuses its discretion "when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re DiBattista*, 33 F.4th at 702 (quoting *In re Kalikow*, 602 F.3d at 91).

─────────────────────

no remaining issues as to sanctions, and the underlying bankruptcy case was already dismissed, this Court is satisfied that the order is a "final" one. *See In re Fogarty*, 39 F.4th 62, (2d Cir. 2022) (in reviewing its own appellate jurisdiction, observing that "there is no question that the bankruptcy court's order denying Fogarty's motion for sanctions was a final order appealable to the district court.").

## IV.   ANALYSIS

### A.   Sanctions Generally

Rule 9011(c) provides a mechanism for a court to impose sanctions against attorneys or unrepresented parties who are found to have violated Rule 9011(b)'s professional standards; those standards include that by presenting to the court a document, that attorney or party is certifying that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b)(1)-(4).  Rule 9011 has been violated "when it is patently clear that a claim has absolutely no chance of success."  *Moxey v. Pryor*, No. 15-CV-4632 (JS), 2017 WL 1229735, at *3 (E.D.N.Y. Mar. 31, 2017) (citations omitted).

Rule 9011(c) provides that the court, upon finding that Rule 9011(b) has been violated, may impose "an appropriate sanction"—including "some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation"—on attorneys, law firms, or parties "after notice and a reasonable opportunity to respond."   Fed. R. Bankr. P. 9011(c), (c)(2).  Such a sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable

conduct by others similarly situated.  Fed. R. Bankr. P. 9011(c)(2).

**B. The Bankruptcy Court's Denial of Buczek's Motion for Sanctions Was Not an Abuse of Discretion**

Buczek's brief does not present arguments directly addressing why the Bankruptcy Court abused its discretion in denying his motion for sanctions—except to repeat his wide-ranging claims that KeyBank lacks standing, that the Bankruptcy Court was required to have an evidentiary hearing, and that the arbitration award should be affirmed. *See generally* No. 20-CV-1046, Dkt. 7, at 1-42.  In the underlying motion, Buczek generally argues sanctions are warranted because KeyBank has acted fraudulently and in bad faith by misrepresenting a valid, enforceable security interest in the property. *See generally* No. 20-CV-1046, Dkt. 3-8, at 1-25.  KeyBank argues that Buczek's motion for sanctions was his "fifth attempt in the Bankruptcy Court to directly or indirectly challenge Appellee's right to foreclose[]e on the mortgage," and that sanctions are not appropriate because KeyBank succeeded in its motion for stay relief.  No. 20-CV-1046, Dkt. 8, at 9-10.

There is nothing in the record to suggest that KeyBank failed to comply with the requirements of Rule 9011 or that the Bankruptcy Court erred in its determination.  As the Bankruptcy Court explained in its statement of reasons for denying Buczek's motion for sanctions, there was a "foreclosure proceeding that was decided in state court" and that final ruling of the state court "became binding on anyone that acquired a subsequent interest in the property"—including Deborah Buczek's son and the Appellant, Shane Christopher Buczek.   July 27 Hr'g Tr. 31:13-32:3.  The Bankruptcy Court also explicitly referenced and incorporated its

18

earlier decision denying a stay pending appeal.    July 27 Hr'g Tr. 31:14-16; *see In re Buczek* 617 B.R. 772 (Bankr. W.D.N.Y. 2020).    That decision concluded that Buczek had not presented a discernable basis for a successful appeal for two main reasons: first, by operation of New York law, the notice of pendency put Buczek on notice that he would be bound by the pending foreclosure action, and second, the Bankruptcy Court had no authority to consider the finality of the state court judgment. *Buczek,* 617 B.R. at 775-76.    In light of these decisions, Buczek has not shown how any of KeyBank's filings, particularly the motion for stay relief, were in violation of Rule 9011(b)'s standards.

Buczek's arguments that KeyBank should be sanctioned in relation to its alleged fraudulent proof of claim have been further belied by the outcome of his prior appeal.    As set forth above, this Court itself affirmed the Bankruptcy Court's order lifting the automatic stay and granting *in rem* relief.    *See generally* No. 20-CV-80, Dkt. 29.    In that decision, this Court specifically determined that KeyBank had standing to seek stay relief.    *Id.* at 11-14.    Thus, this Court has already had occasion to consider Buczek's arguments as to the validity of KeyBank's proof of claim and status as a party in interest, and found them without merit due to the prior decisions issued by the state and bankruptcy courts.    *Id.*

As to Buczek's arguments regarding KeyBank failing to honor the arbitration award, this Court—in another one of Buczek's prior appeals—has already affirmed the Bankruptcy Court's finding that the award is not enforceable.    *Buczek v. Nationstar Mortg. LLC*, No. 20-CV-1445 (JLS), Dkt. 16, at 15-18 (W.D.N.Y. July 29,

2022).  As such, KeyBank's failure to honor an unenforceable arbitration award is
not a basis for sanctions under Rule 9011.

Accordingly, the Bankruptcy Court's decision to deny Buczek's Motion for
Sanctions was not an abuse of discretion and is affirmed.

### C.  The Bankruptcy Court's Order Sanctioning Buczek for $715 Was Not an Abuse of Discretion

Buczek's brief similarly fails to discuss specifically how the Bankruptcy Court
erred or abused its discretion in granting the portion of KeyBank's cross-motion
requesting monetary sanctions, beyond reiterating his arguments regarding fraud
and standing.  *See generally* No. 20-CV-1046, Dkt. 7, at 1-42.  In his response to the
cross-motion, Buczek maintains that the record lacks any evidence that he has
presented frivolous filings or claims.  *See* No. 20-CV-1046, Dkt. 3-10, at 2.
KeyBank's brief underlines that this appeal is the "umpteenth attempt to litigate
[Buczek's] unsupported and baseless arguments" regarding the validity of the note
and KeyBank's standing.  No. 20-CV-1046, Dkt. 8, at 9.

The Bankruptcy Court partially granted the cross-motion for sanctions and
ordered sanctions against Buczek in the amount of $715.  Bankr. Dkt. 333.  In doing
so, the Bankruptcy Court specifically granted the amount requested by KeyBank
after observing that the sanctions were "properly and correctly itemized."  July 27
Hr'g Tr. 32: 16-18.

The record makes plain that the Bankruptcy Court's award of sanctions here
was both justified and reasonable.  As evidenced by the extensive history of
litigation set forth above concerning this property, Buczek, via serial filings, has

repeatedly advanced arguments that have been rejected by various courts multiple times. Even so, the Bankruptcy Court previously declined to grant KeyBank's first request to sanction Buczek. Bankr. Dkts. 233, 236. The Bankruptcy Court, in its decision denying a stay pending appeal, stated that Buczek's use of bankruptcy was an act of bad faith. *In re Buczek*, 617 B.R. at 776-77. Moreover, this Court, in Buczek's prior appeal involving KeyBank, affirmed the order granting *in rem* relief—and in doing so, specifically affirmed the Bankruptcy Court's finding that Buczek's conduct evidenced an intent to hinder, delay, and defraud creditors. No. 20-CV-80, Dkt. 29, at 18-19. This finding was supported by the timing of the transfer of the property and bankruptcy filings, as well as the record of serial appeals, objections, and other filings in both Buczek's and his mother's bankruptcy cases. *Id.* It is clear from the record that Buczek's efforts to relitigate the standing issues and thwart the creditors from exercising their rights have not ceased. Based on this Court's independent review, the Bankruptcy Court's order awarding sanctions was justified.

Moreover, the Bankruptcy Court's order awarding sanctions was reasonable in its scope. The cross-motion requested sanctions of at least $715, based on counsel spending 2.6 hours handling Buczek's motion for sanctions at a rate of $275 per hour. Dkt. 3-9, at 11. The Bankruptcy Court made a specific finding on the record that the sanctions requested "were properly and correctly itemized." July 27 Hr'g Tr. 32:17-18. In light of the Bankruptcy Court's decision to grant the motion to dismiss the bankruptcy case, the Bankruptcy Court declined to grant the portion of

KeyBank's cross-motion requesting a filing injunction.  July 27 Hr'g Tr. 32:21-24.

Accordingly, the Bankruptcy Court's order of sanctions in the amount of $715 was

appropriate, drawn from the fees and expenses incurred as a direct result of the

violation, and limited to what was sufficient to deter repetition of such conduct.

Fed. R. Bank. P. 9011(c).

This Court finds no abuse of discretion in the Bankruptcy Court's order

granting the cross-motion for sanctions in the amount of $715.

### D. Even if this Court had Jurisdiction over the Appeal in No. 20-CV-1697, Buczek's Appeal Fails on the Merits

Even if this Court erred in its jurisdictional determination regarding No. 20-

CV-1697, the Court would affirm the Bankruptcy Court's decisions.

This Court is familiar with and has reviewed the briefs, record, and

transcripts relevant to this appeal, which concerns Bankruptcy Court's Oct. 30

order (Bankr. Dkt. 388) denying Buczek's motion for reconsideration, imposing

additional monetary sanctions in the amount of $1,000, and imposing a filing

injunction until the sanctions are paid.  Both Buczek's and KeyBank's briefs present

almost identical arguments as those presented in the other two appeals.

This Court discerns no error or abuse of discretion in the Bankruptcy Court's

denial of Buczek's motion for reconsideration, which was yet another attempt by

Buczek to relitigate the issues—like standing and the enforceability of the

arbitration award—that have already been resolved.

For similar reasons, the Court also finds no clear error and no abuse of

discretion in the Bankruptcy Court's decision with respect to sanctions.  For the

same reasons this Court affirmed the sanctions order of $715, the additional $1,000 imposed is proper. In particular, this Court agrees with the Bankruptcy Court that requiring KeyBank to respond to yet another of Buczek's motion on issues that have already been decided more than once would cause unnecessary delay and use of resources. No. 20-CV-1697, Dkt. 8, at 115-16 (transcript of hearing held October 26, 2020).

As for the filing injunction, this Court has had occasion to review a filing injunction imposed against Buczek in another appeal and incorporates that discussion of the legal standards here. *See* 20-CV-1445, Dkt. 16, at 20-22. In that decision, the Court was satisfied that the Bankruptcy Court did not abuse its discretion in imposing a filing injunction in relation to Nationstar, based on Buczek's history of litigation, his motive in pursuing the litigation, his *pro se* status, the causing of needless expense or unnecessary burdens, and whether other sanctions are adequate. *Id.* Here, given Buczek's similar history of litigation regarding KeyBank, and that the Bankruptcy Court twice previously declined to impose the harsher sanction of a filing injunction, the Bankruptcy Court's imposition of a conditional filing injunction was within its discretion.

### E. Remaining Arguments

Buczek's remaining arguments are also without merit. Buczek argues at various points that he was entitled to an evidentiary hearing, that the Bankruptcy Court's decision lacked proper findings, that his adversarial case must be allowed to proceed, and that the bankruptcy case cannot be dismissed while his appeals are

pending.  *See generally* Dkt. 7.

As to Buczek's arguments for an evidentiary hearing, bankruptcy courts "have the discretion to decide an issue without holding an evidentiary hearing, and a district court can reverse such a decision only if it amounts to an abuse of discretion."  *In re Great Atl. & Pac. Tea Co.*, 618 B.R. 57, 65 (S.D.N.Y. 2020) (quoting *In re Gordon*, 577 B.R. 38, 49 (S.D.N.Y. 2017)).  It is not an abuse of discretion for the Bankruptcy Court to reach a decision without holding an evidentiary hearing where "the record provided ample evidence on which the court could make such a decision."  *Id.*  This Court is satisfied that the lengthy record in this case contained ample evidence for the Bankruptcy Court to make its decisions, and that the Bankruptcy Court sufficiently stated its findings and reasons on the record—particularly in light of its familiarity with the procedural history of the case and its multiple prior decisions addressing the same essential arguments.

Regarding the adversary proceeding, the decisions on appeal (Bankr. Dkts. 301, 333) do not involve or mention any adversary proceeding.  The Court therefore does not consider Buczek's arguments on this issue.

Lastly, Buczek has not presented any specific arguments as to why the Bankruptcy Court erred in its decision to grant the Trustee's motion to dismiss the bankruptcy case on July 27, 2020.  Nor did Buczek appeal the written order (Bankr. Dkt. 307), entered on July 28, 2020, reflecting that decision.  To the extent that Buczek argues that the bankruptcy case cannot be dismissed before his appeals are

resolved, that argument is now moot.

      As to Buczek's remaining arguments and issues on appeal, this Court has reviewed them and finds them to be without merit.

## CONCLUSION

Because this Court lacks jurisdiction over the appeals in Case No. 20-CV-1322 and 20-CV-1697, those appeals are DISMISSED.

For the reasons above, the Court affirms the Bankruptcy Court's orders—issued orally on July 27, 2020 and by written order entered on August 28, 2020—regarding sanctions. The appeal in No. 20-CV-1046 is DENIED.

The Clerk of Court is ordered to close the appeals in 20-CV-1046, 20-CV-1322, and 20-CV-1697.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Buczek must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      August 24, 2022
            Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE